UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENICE BURKITT,<br><br>            Plaintiff,<br><br>      v.<br><br>METLIFE AUTO & HOME<br>METROPOLITAN PROPERTY &<br>CASUALTY INSURANCE Co., and<br>DOES 1 through 20, inclusive<br><br>            Defendant. | No.  2:14-cv-01294 JAM KJN<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS** |

This matter is before the Court on Defendant Metropolitan Property and Casualty Insurance Company's ("Defendant") Motion to Dismiss (Doc. #3) Plaintiff Jenice Burkitt's ("Plaintiff") Complaint (Doc. #1).  Plaintiff opposes the motion (Doc. #7) and Defendant filed a reply (Doc. #9).  For the following reasons, Defendant's motion is GRANTED.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for July 23, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is an individual resident of Oklahoma. Compl. ¶ 2. Defendant is an insurance company registered and licensed in California. Compl. ¶ 2. Plaintiff purchased an auto insurance policy from Defendant, effective November 27, 2008 to May 27, 2009. Compl. ¶ 4. The subject policy was issued in California. Compl. ¶ 2. On April 11, 2009, Plaintiff was injured in a car accident. Compl. ¶ 7. Plaintiff initially notified Defendant of her Medical Expense claim on May 8, 2009. Compl. ¶ 8. However, in early 2010, Plaintiff's physicians advised her that she needed lumbar surgery. Compl. ¶ 7. On February 24, 2010, Plaintiff notified Defendant of this additional Medical Expense claim. Compl. ¶ 8. Defendant "paid Medical Expense benefits for other claims submitted by Plaintiff," but "denied Plaintiff's request for the balance of her Medical Expense policy with regards to the recommended [lumbar] surgery" in writing, on March 1, 2010. Compl. ¶ 9. In the March 1, 2010 letter, Defendant noted that, because Plaintiff "has not yet incurred the medical expenses of a surgery, we are unable to consider payment for the remainder of the Medical Payment limits." Vaccarezza Dec., Ex. C.

Subsequent to the March 1, 2010 letter from Defendant, Plaintiff underwent an Independent Medical Examination ("IME") with Dr. Emily Friedman. Compl. ¶ 10. Dr. Friedman recommended that Plaintiff undergo lumbar surgery. Compl. ¶ 10. On April 10, 2012, Plaintiff requested that Defendant reconsider pre-payment for the lumbar surgery, in light of Dr. Friedman's recommendation. Compl. ¶ 11. Plaintiff alleges that Defendant

2

1  "handled this Medical Expense claim in bad faith" because it
2  "knew of the extent and nature of Plaintiff's injuries and her
3  need for surgery, [but] refused to pay the balance of
4  Plaintiff's Medical Expense coverage in order for Plaintiff to
5  obtain the recommended surgery."  Compl. ¶ 12.
6      On April 3, 2014, Plaintiff filed the Complaint (Doc. #1,
7  Ex. A) in Sacramento County Superior Court.  On May 27, 2014,
8  Defendant filed the Notice of Removal (Doc. #1), alleging
9  diversity jurisdiction under 28 U.S.C. § 1332(a).  The Complaint
10 alleges one cause of action: (1) "Bad Faith: Breach of Contract
11 of Covenant of Good Faith and Fair Dealing."

13                          II.   OPINION
14   A.   Judicial Notice
15      Defendant requests that the Court take judicial notice of
16 six documents, all of which relate to a separate state court
17 case between Plaintiff and Defendant, Jenice Burkitt v. MetLife
18 Auto & Home, et al., Sacramento County Superior Court, Case No.
19 34-2012-00122112: (1) Plaintiff's Complaint for Declaratory
20 Relief;
21 (2) Defendant's Motion for Summary Judgment; (3) Plaintiff's
22 Opposition to Defendant's Motion for Summary Judgment;
23 (4) Defendant's Reply; (5) May 9, 2014 Minute Order/May 13, 2014
24 correspondence; and (6) Plaintiff's Request for Dismissal with
25 Prejudice. (Doc. #10).
26      Generally, the Court may not consider material beyond the
27 pleadings in ruling on a motion to dismiss.  However, the Court
28 may take judicial notice of matters of public record, provided

that they are not subject to reasonable dispute.  See, e.g., Sherman v. Stryker Corp., 2009 WL 2241664 at *2 (C.D. Cal. 2009) (citing Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and Fed. R. Evid. 201).

All six documents listed above are public court filings.  Furthermore, Plaintiff has not opposed Defendant's request, and the documents are not subject to reasonable dispute.  Therefore, Defendant's request is GRANTED.

B.  Discussion

Defendant argues that Plaintiff's first (and only) cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed because it is time barred.  Mot. at 6.  Specifically, Defendant contends that Plaintiff failed to commence this action within two years of Defendant's March 1, 2010 letter, which was an unequivocal denial of Plaintiff's claim.  Mot. at 6-7.  Plaintiff responds that the March 1, 2010 letter "was not an unequivocal denial since Defendant made the representations that future payments made [*sic*] be made and since in fact Plaintiff's Medical Expense claim remained ongoing and active."  Opp. at 5.  Plaintiff also appears to argue that developments subsequent to the March 1, 2010 letter indicate that that letter was merely a tentative denial.  Opp. at 6.

In diversity actions, federal courts apply the state law statute of limitations.  See Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 110 (1945) (noting that, "[a]s to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law").  The parties' arguments in favor of and in opposition to the motion focus

4

primarily on a two year statute of limitations for Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.  Mot. at 6 (citing Cal. Civ. Proc. Code § 335.1 and § 339.1).  Opp. at 6.  However, under California law, "[a] claim for [breach of] the covenant of good faith and fair dealing has a two year statute of limitations when it sounds in tort, and a four-year statute of limitations if it sounds in contract."  Fehl v. Manhattan Ins. Grp., 2012 WL 10047 at *4 (N.D. Cal. Jan. 2, 2012) (citing Love v. Fire Ins. Exch., 221 Cal.App.3d 1136 (1990)).  Nevertheless, the alleged March 1, 2010 denial occurred more than four years prior to Plaintiff's filing of the Complaint on April 3, 2014.  Accordingly, the Court need not determine whether Plaintiff's claim sounds in tort (2 year statute of limitations) or contract (4 year statute of limitations).  If the March 1, 2010 letter constituted an unequivocal denial, then Plaintiff's claim is time-barred, even under the more generous contract-based four year statute of limitations.

Both parties agree that, for a bad faith claim against an insurance company, the statute of limitations begins to run upon the unequivocal denial of the insured's claim.  Mot. at 7.  Opp. at 5.  This is consistent with California law.  See Migliore v. Mid-Century Ins. Co., 97 Cal.App.4th 592, 604 (2002). Accordingly, the central issue is whether the March 1, 2010 letter constituted an "unequivocal denial" of Plaintiff's claim.

Plaintiff alleges that she "requested the balance of her Medical Expense policy on February 24, 2010," so that she could use that money to fund her lumbar surgery.  Compl. ¶ 8.

Plaintiff further alleges that, on March 1, 2010, "Defendants denied Plaintiff's request for the balance of her Medical Expense policy with regards to the recommended surgery." Compl. ¶ 9. Thus, by the terms of Plaintiff's own complaint, the March 1, 2010 letter constituted a denial of Plaintiff's claim for policy benefits for prospective lumbar surgery. This allegation is consistent with the language of the March 1, 2010 letter, which stated:

> "As Ms. Burkitt has not yet incurred the medical expenses of a surgery, we are unable to consider payment for the remainder of the Medical Payment limits. However, if she obtains the surgery within the three year Medical Payment time limit, please forward the bills and records and we will review for any applicable payment at that time." Vaccarezza Dec., Ex. C.

The Court finds that this letter unequivocally denies Plaintiff's request that Defendant pay for medical services not yet incurred. Accordingly, the statute of limitations for Plaintiff's bad faith insurance claim began to run on March 1, 2010.

The Court does not find persuasive Plaintiff's argument that the March 1, 2010 letter was not an unequivocal denial. Although Plaintiff notes that "Defendant had continued to process and pay out Medical Expense benefits to Plaintiff," these payments were for undisputed expenses already incurred. Opp. at 5. The disputed claim for coverage of Plaintiff's future lumbar surgery was separate and distinct from her approved claims for coverage of already-incurred medical expenses. The terms of Plaintiff's own Complaint set the scope for her bad faith insurance claim: "Defendants paid Medical

Expense benefits for other claims submitted by Plaintiff, however, at issue is Defendants' failure to tender the remaining Medical Expense coverage based on Plaintiff's need to undergo lumbar surgery." Therefore, Defendant's continued payment of the undisputed claims does not affect the denial of Plaintiff's disputed claim for expenses not yet incurred.

Moreover, Plaintiff's citation to Migliore is misplaced. Opp. at 5 (citing Migliore v. Mid-Century Ins. Co., 97 Cal.App.4th 592, 605 (2002). Plaintiff contends that Migliore stands for the proposition that an unequivocal denial must unambiguously rule out any possibility that further benefits will be provided on the disputed claim. Opp. at 5. In Migliore, the court concluded that an insurer's letter was an unequivocal denial, in part because it stated that "no further benefits will be provided beyond those previously paid." Migliore, 97 Cal.App.4th at 605. However, the letter in Migliore also contained the following language: "This decision is based upon the information available to us at this time. If you have any other information which you believe may effect [*sic*] Mid-Century Insurance Company's decision on your claim, please let us know so we can consider it." Migliore, 97 Cal.App.4th at 599. In the case at bar, Defendant's offer in the March 1, 2010 letter to review additional bills and records "if [Plaintiff] obtains the surgery within the three year Medical Payment time limit" is analogous to the language in the Migliore letter. It is well settled California law that "a statement of willingness to reconsider [a denial upon receipt of further pertinent information] does not render a denial

7

equivocal." Migliore, 97 Cal.App.4th at 605 (citing Singh v. Allstate Ins. Co., 63 Cal.App.4th 135, 147-48 (1998)).  The March 1, 2010 letter was unequivocal in its denial of Plaintiff's request to pre-pay benefits before the particular medical expenses were incurred.

Finally, Plaintiff's subsequent Independent Medical Examination ("IME") – and Defendant's consideration of the IME recommendations – does not transform the March 1, 2010 letter into an equivocal statement.  Recently, the Ninth Circuit held that an insurer's reopening of a claim to consider additional information does not reset the statute of limitations. Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan, 749 F.3d 746, 751 (9th Cir. 2014).  The court noted that such a rule "would discourage reconsideration by insurers even when reconsideration might be warranted." Gordon, 749 F.3d at 751. Rather, the statute of limitations continues to run as long as the insurer demonstrates "a clear and continuing repudiation of a claimant's rights[.]" Gordon, 749 F.3d at 750.  In the present case, Defendant never wavered from its position that it would not provide payments for medical expenses not yet incurred.  Accordingly, Plaintiff's IME and Defendant's consideration of the IME recommendations did not reset the statute of limitations.

Plaintiff filed the Complaint on April 3, 2014, over four years after the unequivocal denial of her claim in the March 1, 2010 letter.  Accordingly, Plaintiff's first and only cause of action is time barred and Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.  As Defendant's statute of limitations

argument is dispositive, the Court need not reach Defendant's remaining arguments.

## III.  ORDER

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendant's Motion to Dismiss:

IT IS SO ORDERED.

Dated: August 21, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

9